UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISMELLE CASTILLO,<br><br>        Plaintiff,<br><br>  -against-<br><br>ALTICE USA, INC., et al.,<br><br>        Defendants. | Case No. 1:23-cv-05040 (JLR)<br><br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff Chrismelle Castillo ("Plaintiff" or "Castillo") filed this action against Defendant Altice USA, Inc. ("Altice"), Jesus Reyes ("Reyes"), and Christaly Cruz ("Cruz") (collectively, "Defendants") on June 15, 2023, alleging seven causes of action, stemming from complaints that Reyes distributed intimate photographs of her. ECF No. 1 ("Compl."). Counts 1 and 2 allege sex discrimination and retaliation, respectively, under Title VII of the Civil Rights Act of 1964 ("Title VII") against Altice. *Id.* ¶¶ 85-99. Counts 3, 4, 6, and 7 claim sex discrimination and retaliation under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") against all Defendants. *Id.* ¶¶ 100-111, 119-130. Finally, in Court 5, Plaintiff claims that Reyes and Cruz, but not Altice, violated New York City Administrative Code § 10-180 by disseminating intimate images of Plaintiff without her consent. *Id.* ¶¶ 112-118. On August 14, 2023, Defendant Altice moved to compel Plaintiff to arbitrate all claims against Altice (Counts 1, 2, 3, 4, 6, and 7) and to dismiss the Complaint against it. ECF No. 16 ("Mot"); 18 ("Def. Br."). Plaintiff opposed this motion on August 28, 2023. ECF No. 19 ("Pl. Opp."). Altice filed its reply on September 5, 2023, retracting its request for dismissal, and instead asking the Court to stay the action while the parties arbitrate the claims. ECF No. 21 ("Reply") at 5. For the reasons stated below, the Court GRANTS Altice's motion.

## BACKGROUND

The facts stated herein are taken from the Complaint and the papers submitted by the parties in support of and in opposition to Defendant's motion to compel arbitration.[1] The Court considers all relevant, admissible evidence submitted by the parties and contained in the pleadings. *See Nicosia v. Amazon.com, Inc*., 834 F.3d 220, 229 (2d Cir. 2016). Unless otherwise noted, the facts are undisputed for purposes of resolving this motion and the Court "draw[s] all reasonable inferences in favor of the non-moving party." *Id.*

### I.     Underlying Dispute

Altice is an internet, television, and phone service provider. Smith Ex. B. Castillo was hired by Defendant Altice in about April 2018 as a retention specialist. Compl. ¶ 20. In or around August 2018, she began a consensual relationship with Reyes, another Altice employee, which lasted until December 2020. *Id.* ¶ 32. In or around September 2021, Reyes and Cruz, another Altice employee who Reyes was now dating, allegedly began harassing Castillo by constantly calling her and by calling her abusive names. *Id.* ¶¶ 37, 39, 42. Castillo alleges that Reyes sent Cruz nude photographs of Castillo and photographs containing sexual activities between Castillo and Reyes. *Id.* ¶ 45-46. Castillo alleges that, on September 23, 2021, Cruz, at the direction of Reyes, texted Castillo those explicit sexual photographs. *Id.* ¶¶ 44-50.

On September 23 and 24, 2021, Castillo complained to her supervisors and the human resources department at Altice. *Id.* ¶¶ 51-59. Castillo alleges that, instead of addressing her complaint, Altice issued her a written warning in November 2021 for Family and Medical Leave Act ("FMLA") coding issues as a pretext to set her up for termination in retaliation for lodging

---

[1] In support of its motion, Altice filed the Declaration of Cameron Smith, (ECF No. 17 ("Smith Decl.")) and Exhibits ("Ex.") A-C (ECF Nos. 17-1, 17-2, and 17-3). Plaintiff did not file any declarations or affidavits in opposition to this motion.

her sexual harassment complaint.  *Id.* ¶¶ 61-75; *see* Smith Ex. C (attaching a copy of the written warning).  She also alleges that she was demoted on December 1, 2021, which resulted in a decrease in her compensation and commission compensation structure.  Compl. ¶¶ 76-77.  She was also allegedly retaliated against through various verbal reprimands given during an unspecified period.  *Id.* ¶ 79.

## II.     The Arbitration Agreement

Before Altice hired her, Castillo entered into a mutual arbitration agreement with Altice on March 29, 2018.  *See* Smith Ex. A (the "Arbitration Agreement").  The Arbitration Agreement provides in relevant part that "all disputes, claims, complaints, or controversies" against Altice or any of its "current and former officers, directors, employees and/or agents" "are subject to arbitration at the election of any party" and "not by a court or jury."  *Id.* at 1.  The Arbitration Agreement further specifies that those claims shall include, but are not limited to, "discrimination and/or harassment claims, retaliation claims, . . . and any other claim under any federal, state, or local statute, constitution, regulation, rule, ordinance, or common law."  *Id.*  Plaintiff acknowledges in her Complaint that "Plaintiff, as an employee of Defendant Altice is subject to an Arbitration Agreement, which requires her claims to be arbitrated."  Compl. ¶ 7.

## III.    Procedural History

Notwithstanding this, Castillo filed her complaint with this Court on June 15, 2023.  *See generally* Compl.  This is because Castillo argues that the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"), 9 U.S.C. §§ 401-402, which amended the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, renders the Arbitration Agreement unenforceable with respect to her claims.  Pl. Opp. at 4.  On August 14, 2023, Defendant Altice filed its motion to compel arbitration for all claims against Altice (Counts 1, 2, 3, 4, 6, 7),

arguing that the EFAA does not apply here. *See* Def. Br. Plaintiff opposed the motion and it is now fully briefed before this Court. *See* Pl. Opp.; Reply.

## DISCUSSION

### I.     Legal Standard

In considering a motion to compel arbitration under the FAA, courts apply "a standard similar to that applicable for a motion for summary judgment." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017) (quoting *Nicosia*, 834 F.3d at 229); *see also Bensadoun v. Jobe-Riat*, 316 F. 3d 171, 175 (2d Cir. 2003). Under this standard, "the Court must grant a motion to compel arbitration if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law." *Ryan v. JPMorgan Chase & Co.*, 924 F. Supp. 2d 559, 561-62 (S.D.N.Y. 2013). If the facts in the record are undisputed, and "require the matter of arbitrability to be decided against one side or the other as a matter of law," the Court "may rule on the basis of that legal issue and avoid the need for further court proceedings." *Meyer*, 868 F.3d at 74 (internal quotation omitted).

Under Section 2 of the FAA, a commercial "agreement . . . to submit to arbitration" is generally "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Daly v. Citigroup Inc.*, 939 F.3d 415, 421 (2d Cir. 2019) (alteration in original) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)). However, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any

4

dispute which he has not agreed so to submit." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (internal quotation omitted).

On March 3, 2022, President Biden signed into law the EFAA. The EFAA amends the FAA as follows:

> Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, . . . no predispute arbitration agreement . . . shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or sexual harassment dispute.

9 U.S.C. § 402(a). The statutory note to the EFAA provides that "[t]his Act, and the amendments made by this Act, shall apply with respect to any dispute or claim that arises or accrues on or after the date of enactment of this Act." Pub. L. 117-90 § 3. This statutory note is "congressionally enacted text" and provides the legal evidence of the law. *Johnson v. Everyrealm*, __ F. Supp. 3d ___, 2023 WL 2216173, at *18 n.19 (S.D.N.Y. Feb. 24, 2023). Thus, the EFAA "does not apply retroactively." *Delo v. Paul Taylor Dance Found., Inc.*, ___ F. Supp. 3d. ____, 2023 WL 4883337, at *4 (S.D.N.Y. Aug. 1, 2023).

**II.     Analysis**

Castillo does not dispute that a valid Arbitration Agreement exists between Castillo and Altice that, by its terms, covers the claims at issue, which, were it not for the EFAA, would be required to be resolved in arbitration. *See* Compl. ¶¶ 7-8. Plaintiff argues instead that the EFAA renders the pre-dispute Arbitration Agreement between the parties unenforceable as to her present claims for workplace sexual harassment and retaliation. Pl. Opp. at 4.

In response, Altice relies on the statutory note stating that the EFAA "shall apply with respect to any dispute or claim that arises or accrues on or after the date of enactment of this Act." Pub. L. 117-90 § 3. According to Altice, the EFAA cannot apply retroactively to this case where Plaintiff alleges that she suffered harassment in September 2021, complained to Altice the

5

same month, and was allegedly demoted in retaliation in December 2021 – all before the EFAA was enacted on March 3, 2022.  Reply at 2-3.

Plaintiff agrees that the EFAA does not apply retroactively and "does not contest Defendant Altice's conclusion that her claims accrued prior to March 3, 2022."  Pl. Opp. at 5.  However, she claims that by use of the disjunctive "or" in the statutory note, Congress intended the effective date of the EFAA to refer to "claims" that "accrue" or "disputes" that "arise."  *Id.* at 4.  Accordingly, Plaintiff asserts that the EFAA applies to any claims that accrue or disputes that arise after March 3, 2022.  *Id.*  She alleges that, even if her claims accrued prior to March 3, 2022, the EFAA still applies here because the parties' "'dispute' did not arise until, at the earliest, Defendant received notice of her claims by way of a demand letter and draft complaint, or at the latest when she filed a Charge of Discrimination in the EEOC, both of which occurred after the Act's effective date."  *Id.* at 5.

As a threshold matter, Plaintiff does not allege in her Complaint, nor has not presented any admissible evidence, that she served Defendant Altice with any "demand letter or draft complaint" after March 2022, or that she filed her EEOC charge on August 29, 2022, as asserted in her opposition brief.  Pl. Opp. at 3, 5; *see* Compl. ¶ 10.  She alleges only that she received a Notice of Right to Sue from the EEOC dated May 10, 2023.  Compl. ¶ 11.  Even if such assertions or evidence were properly before the Court, the Court does not agree that Plaintiff's "dispute" arose after the EFAA's enactment, rendering the Arbitration Agreement unenforceable with respect to the present claims.

Because Plaintiff concedes that her claims accrued prior to March 3, 2022, the Court need only examine the reference to a "dispute" in the statutory note regarding the EFAA's effective date.  The interpretation of a statute "begin[s] with the statutory text, exhausting all the textual

6

and structural clues bearing on its meaning and construing each word in its context and in light of the terms surrounding it." *United States v. Bedi*, 15 F.4th 222, 226 (2d Cir. 2021) (internal quotations omitted).  Black's Law Dictionary defines "dispute" as "[a] conflict or controversy, esp. one that has given rise to a particular lawsuit." *Dispute*, Black's Law Dictionary (11th ed. 2019).  This in contrast to a "claim," which is defined as "[a] demand for money, property, or a legal remedy to which one asserts a right." *Claim*, Black's Law Dictionary (11th ed. 2019).  Thus, the Court agrees that "[a] dispute arises when the conduct which constitutes the alleged sexual assault or sexual harassment occurs," whereas "a claim accrues when the plaintiff has a complete and present cause of action." *Barnes v. Festival Fun Parks, LLC*, No. 22-cv-165, 2023 WL 4209745, at *10 (W.D. Pa. June 27, 2023).  This reading comports with the other portions of the EFAA.  The EFAA renders unenforceable a "predispute arbitration agreement" with respect to sexual assault or harassment disputes.  9 U.S.C. § 402(a).  "Predispute arbitration agreements" are defined as "any agreement to arbitrate a dispute that had not yet arisen at the time of the making of the agreement." *Id.* § 401(1).  As the *Barnes* court noted, "[t]his section does not support defining dispute as the filing of a Complaint with a governing agency as that may result in a predispute arbitration agreement being formed after the discriminatory conduct occurs although prior to the filing of a Complaint with an administrative agency." 2023 WL 4209745, at *10.  The Court agrees that "the use of dispute in this context clearly refers to the discriminatory conduct underlying the Complaint, requiring the arbitration agreement to be entered into prior to the dispute – the discriminatory conduct." *Id.*  Thus, "[a] claim necessitates an underlying dispute" such that "a dispute sparks the potential for a later claim" that ultimately accrues. *Id.*  Plaintiff here alleges that she was subjected to sexual harassment in late 2021.  Compl. ¶¶ 36-50.  She complained to her supervisors and HR, *id.* ¶¶ 51-59, thereby raising the

dispute with them, and was allegedly retaliated against when she was placed on a corrective action plan in November 2021, *id.* ¶¶ 72-73, and demoted in December 2021, *id.* ¶ 76-77. Because the discriminatory conduct and retaliation alleged did not occur after March 3, 2022 – indeed, Plaintiff concedes that her claims for sexual harassment and retaliation accrued prior to March 3, 2022 – the EFAA does not retroactively apply to the Complaint.

To hold otherwise would mean that the applicability of the EFAA would hinge not on when a dispute arose or a claim accrued, as the statute dictates, but rather on when a litigant chose to file a formal administrative charge or complaint. *See O'Sullivan v. Jacaranda Club, LLC*, 2023 WL 2949512, at *2 (N.Y. Sup. Ct. Apr. 13, 2023) (noting that the EFAA "applies to claims that accrued after the effective date, not to claims where the plaintiff has chosen to commence an action after that date"); *Barnes*, 2023 WL 4209745, at *9 (noting that Congress used "case" and "filed" in 9 U.S.C. § 402(a) but specifically did not use those terms in the statutory note regarding the effective date).

Courts have repeatedly rejected the notion that "disputes" arise – and that the EFAA applies – only when complaints or charges are filed. *See Delo*, 2023 WL 4883337, at *8 n.5 (rejecting argument that dispute arose after EFAA enactment where lawsuit was filed after March 3, 2022); *Zinsky v. Russin*, No. 22-cv-547, 2022 WL 2906371, at *3 (W.D. Pa. July 22, 2022) (noting that the EFAA did not apply notwithstanding plaintiff's filing of complaint after March 3, 2022 because plaintiff sustained her injury from sexual assault before that date); *Walters v. Starbucks Corp.*, 623 F. Supp. 3d 333, 337 (S.D.N.Y. 2022) (finding that EFAA did not apply where plaintiff experienced discrimination, harassment and retaliation in December 2021 even though the complaint was filed after March 3, 2022); *Newcombe-Dierl v. Amgen*, No. 22-cv-2155, 2022 WL 3012211, at *5 (C.D. Cal. May 26, 2022) (rejecting argument that EFAA

applied where the plaintiff was injured by her employer's adverse actions before November 12, 2021 even though she both filed her complaint with the EEOC and the EEOC issued its notice of right to sue after March 3, 2022). *But see Famuyide v. Chipotle Mexican Grill*, No. 23-cv-1127, 2023 WL 5651915, at *4 (D. Minn. Aug. 31, 2023) (holding that dispute arose for purposes of the EFAA when plaintiff filed her complaint against defendant in state court).

Plaintiff relies almost solely on *Hodgin v. Intensive Care Consortium, Inc.*, ___F. Supp. 3d ___, 2023 WL 2751443 (S.D. Fla. Mar. 31, 2023), a case where the court found – consistent with the Court's conclusion here – that the EFAA did not apply retroactively to the claims brought by the plaintiff. *Id.* at *2. Just as here, the *Hodgin* court found that the EFAA did not apply to the plaintiff's claims that were based on injuries that occurred in 2021, even though the complaint was filed after March 3, 2022. *Id.* The Court agrees with the *Hodgin* court's findings that plaintiff's claims did not accrue when the EEOC sent a right to sue letter and that "to say that a dispute arises only once a lawsuit is filed is far too limiting." *Id.* But, for the reasons stated above, the Court does not agree with the *Hodgin* court's assessment that "[a] dispute entails disagreement, not just the existence of an injury" such that the "dispute" arose when plaintiff filed her charge with the EEOC, although still, in *Hodgin*'s case, before March 3, 2022. *Id.*

That said, even if a disagreement or (as Plaintiff asserts) "a quarrel or controversy," with an employer were necessary to trigger a dispute arising under the EFAA, Pl. Opp. at 5-6, Plaintiff here raised a dispute or quarrel with her employer several times in 2021 when she complained of the sexual harassment to no avail and was thereafter subjected to retaliation – all before March 3, 2022. *See Sandoval v. Pridestaff, Inc.*, 2023 Cal. Super. LEXIS 34379, at *6 (Cal. Super. Ct. June 5, 2023) (holding that plaintiff's "dispute or claim arose or accrued before"

March 3, 2022 where plaintiff complained of sexual harassment repeatedly before her termination on February 11, 2022 even though she did not receive a right to sue letter until July 18, 2022, and noting that *Hodgin* did not change the court's conclusion); *cf. Famuyide*, 2023 WL 5651915, at *4 (rejecting notion that dispute could arise before plaintiff raised any allegations of harassment and before the defendant was aware of any alleged harassment).

Therefore, because Castillo's dispute or claim arose or accrued prior to the enactment of the EFAA on March 3, 2022, the EFAA does not render unenforceable the otherwise applicable and binding Arbitration Agreement between the parties.

## CONCLUSION

Defendant Altice's motion to compel arbitration is GRANTED and the case shall be stayed as to only Defendant Altice while the parties arbitrate. *See Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015) (holding that a stay rather than dismissal comports with the FAA's underlying policy of moving an arbitrable dispute to arbitration "as quickly and easily as possible"). Given that the claims against the remaining individual defendants are not subject to arbitration, the parties shall provide an update to the Court by **November 10, 2023** with proposed next steps for this case, including whether the parties seek to stay litigation against the non-arbitrating parties pending the outcome of the arbitration.

Considering Defendant Cruz's ongoing efforts to obtain legal counsel, *see* ECF Nos. 24, 30, the Court adjourns the initial pre-trial conference from October 25, 2023 to **November 29, 2023 at 3:00 p.m.**

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 16 and

31, and to mail a copy of this Opinion and Order to Defendant Cruz.

Dated: October 12, 2023
      New York, New York                     SO ORDERED.

                                              *Jennifer Rochon*
                                              JENNIFER L. ROCHON
                                              United States District Judge