UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISMELLE CASTILLO,<br><br>                                 Plaintiff,<br><br>              -against-<br><br>ALTICE USA, INC., et al.,<br><br>                                 Defendants. | Case No. 1:23-cv-05040 (JLR)<br><br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Chrismelle Castillo ("Plaintiff" or "Castillo") brings this action against Altice USA, Inc. ("Altice"), Jesus Reyes ("Reyes"), and Christaly Cruz ("Cruz") (together, "Defendants"), asserting seven causes of action stemming from allegations that Reyes distributed intimate photographs of her. ECF No. 1 ("Compl."). Altice and Plaintiff both move for reconsideration of this Court's prior Opinion and Order, which granted Altice's motion to compel arbitration of Plaintiff's claims against it. *Castillo v. Altice USA, Inc.*, No. 23-cv-05040 (JLR), 2023 WL 6690674, at *1 (S.D.N.Y. Oct. 12, 2023); *see* ECF Nos. 39 ("Altice Br."), 41 ("Pl. Br."). Altice urges the Court to further compel Plaintiff to arbitrate most of her claims against Reyes, *see generally* Altice Br., while Plaintiff challenges the decision to compel arbitration of her claims against Altice, *see generally* Pl. Br. Following the Court's issuance of the Opinion, Reyes also moved to compel arbitration of Plaintiff's claims against him, ECF No. 44 ("Reyes Br."), and Cruz continues to seek dismissal of Plaintiff's claims against her, ECF Nos. 27-28, 45. For the reasons stated below, Cruz's motion to dismiss is GRANTED in part and DENIED in part; Plaintiff's motion for reconsideration is DENIED; Altice's motion for reconsideration is GRANTED; and Reyes's motion to compel arbitration is GRANTED in part and DENIED in part.

## BACKGROUND

The Court presumes familiarity with the facts of this case, as they were stated in the Court's prior decision, and includes only those necessary to resolve the instant motions. *See Castillo*, 2023 WL 6690674 at *1-2.

Altice hired Plaintiff in April 2018. Compl. ¶ 20. Shortly before accepting her offer of employment, Plaintiff entered into a mutual arbitration agreement with Altice. That agreement states that all "disputes, claims, complaints, or controversies" against Altice or any of its "current and former officers, directors, employees and/or agents" "are subject to arbitration at the election of any party" and "not by a court or jury." ECF No. 17-1 (the "Arbitration Agreement") at 1. The Arbitration Agreement adds that those claims "include, but are not limited to, disputes, claims, complaints, or controversies arising out of and/or directly or indirectly relating to the relationship between [Plaintiff] and [Altice] . . . including . . . tort claims, discrimination and/or harassment claims, retaliation claims, . . . and any other claim under any federal, state, or local statute, constitution, regulation, rule, ordinance, or common law." *Id.*

In August 2018, Plaintiff began a consensual relationship with Reyes, another Altice employee, which lasted until December 2020. Compl. ¶ 32. Plaintiff alleges that, in September 2021, Reyes and Cruz – another Altice employee with whom Reyes started another relationship – began harassing her. *Id.* ¶¶ 37, 39, 42. Plaintiff alleges that Reyes sent Cruz nude photos of Plaintiff and photos containing sexual activities between Plaintiff and Reyes. *Id.* ¶ 45-46. On September 23, 2021, Cruz texted those photographs to Plaintiff, allegedly at Reyes's direction. *Id.* ¶¶ 44-50. Plaintiff complained on September 23 and 24, 2021 to her supervisors and to Altice's human resources department. *Id.* ¶¶ 51-59. Plaintiff alleges that, in the days following her complaint, Reyes and Cruz continued to harass Plaintiff in part by calling her from blocked

2

and unknown numbers. *Id.* ¶ 60.  She also alleges that Altice retaliated against her for lodging this complaint by issuing her a written warning in November 2021 for a pretextual reason, *id.* ¶¶ 61-75; demoting her in December 2021, *id.* ¶¶ 76-77; and reprimanding her verbally at various points, *id.* ¶ 79.

On June 15, 2023, Plaintiff filed her complaint with this Court, alleging sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") against Altice (respectively, Counts I and II), *id.* ¶¶ 85-99; sex discrimination and retaliation under the New York State Human Rights Law (the "NYSHRL") against all Defendants (respectively, Counts III and IV), *id.* ¶¶ 100-111; and sex discrimination and retaliation under the New York City Human Rights Law (the "NYCHRL") against all Defendants (respectively, Counts VI and VII), *id.* ¶¶ 119-130.  Plaintiff also alleges the unlawful disclosure of an intimate image, in violation of New York City Administrative Code Section 10-180, against Reyes and Cruz but not Altice (Count V), *id.* ¶¶ 112-118.

Altice moved to compel Plaintiff to arbitrate her claims against it.  *See* ECF No. 18 ("Mot.").  Altice also argued that Reyes and Cruz are third-party beneficiaries of the Arbitration Agreement.  *Id.* at 5 n.2.  On October 12, 2023, the Court granted Altice's motion, compelling arbitration of Plaintiff's claims against Altice (Counts I through IV, VI, and VII).  *See Castillo*, 2023 WL 6690674 at *1.  The Court found that the Arbitration Agreement was valid and applied to Plaintiff's claims.  *Id.* at *3.  It next held that the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (the "EFAA"), 9 U.S.C. §§ 401-402, did not apply to Plaintiff's case because her dispute arose and her claims accrued before the EFAA's enactment on March 3, 2022, *see Castillo*, 2023 WL 6690674 at *3-5.  The Court, however, stayed the case

3

"as to only Defendant Altice," because "the claims against the remaining individual defendants are not subject to arbitration." *Id.* at *5.

On October 26, 2023, Altice moved for reconsideration of the Opinion. *See* Altice Br.; ECF No. 50 ("Altice Reply"). The same day, Plaintiff also moved for reconsideration of the Opinion. *See* Pl. Br.; ECF No. 52 ("Pl. Reply"). Plaintiff opposed Altice's motion on November 9, 2023. *See* ECF No. 47 ("Pl. Opp."). Altice opposed Plaintiff's motion on the same day. *See* ECF No. 46.

On November 7, 2023, Defendant Reyes moved to compel arbitration of Plaintiff's claims against him (Counts III through VII). *See* Reyes Br. Plaintiff opposed the motion. *See* ECF No. 53 ("Reyes Mot. Opp.").

On November 8, 2023, *pro se* Defendant Cruz filed a letter requesting leave to file a motion to dismiss Plaintiff's claims, arguing that Plaintiff had failed to state a claim against her under New York City Administrative Code Section 10-180. ECF No. 45.[1] Plaintiff responded to Cruz's letter on November 22, 2023. ECF No. 55. Plaintiff does not oppose Cruz's proposed motion as to Count V for a violation of New York City Administrative Code Section 10-180, but opposes the request as to her other claims. *See id.*

## DISCUSSION

**I.  Cruz's Motion to Dismiss**

**A.  Motion-to-Dismiss Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In

---

[1] Cruz had previously filed a notice and declaration on October 3, 2023, asking the Court to dismiss Plaintiff's claims against her. *See* ECF Nos. 27-28.

4

deciding a motion to dismiss, the Court must "accept[] all factual allegations as true and draw[] all reasonable inferences in the plaintiff's favor." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110-11 (2d Cir. 2010) (quoting *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009)). Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (quotation marks and citations omitted).

B.   Analysis

Cruz argues that New York City Administrative Code Section 10-180 does not apply to her because she did not directly receive intimate images from the person depicted. ECF No. 45. Section 10-180 provides:

> It is unlawful for a covered recipient to disclose an intimate image, without the depicted individual's consent, with the intent to cause economic, physical or substantial emotional harm to such depicted individual, where such depicted individual is or would be identifiable to another individual either from the intimate image or from the circumstances under which such image is disclosed.

N.Y.C. Admin. Code § 10-180(b)(1). A "covered recipient" is someone "who gains possession of, or access to, an intimate image *from a depicted individual*, including through the recording of the intimate image." *Id.* § 10-180(a) (emphasis added). While the statutory text is silent as to whether a "covered recipient" includes those, like Cruz, who received intimate images indirectly, the courts to consider this question have held that the statute applies only to individuals who have received the images directly from the depicted individual. *Litwin v. Hammond Hanlon Camp, LLC*, No. 159852/2018, 2019 WL 4459165, at *2-3 (N.Y. Sup. Ct. Sept. 9, 2019) (analyzing Section 10-180's legislative history, including a report stating that Section 10-180 "would not cover an individual who was sent an intimate image from a friend who received that image from the depicted individual"); *see People v. E.R.*, No. 20043-2019, 2019 WL 4429735, at

\*2 (N.Y. Sup. Ct. Sept. 16, 2019) (suggesting that possession of intimate images, without alleging "how the . . . photos came into defendant's possession or who took them," is insufficient to plead that the defendant is a "covered recipient").  Because Cruz received the intimate images at issue indirectly through Reyes, she is not a "covered recipient" under Section 10-180.  *See* ECF No. 45 (Cruz acknowledging that she received intimate images of Plaintiff from Reyes).  Plaintiffs do not argue otherwise.

However, Cruz does not address Plaintiff's NYSHRL or NYCHRL claims.  Plaintiff's complaint on its face "contain[s] sufficient factual matter" to state plausible claims under those statutes.  *Iqbal*, 556 U.S. at 678.  Therefore, the Court grants Cruz's motion to dismiss as to Count V but denies the motion as to Counts III, IV, VI, and VII.

## II. Motions for Reconsideration

The Court turns next to Plaintiff's and Altice's motions for reconsideration.  Plaintiff argues that newly discovered evidence demonstrates that Plaintiff's claims for workplace sexual harassment continued to accrue after March 3, 2022, such that the EFAA renders the Arbitration Agreement unenforceable as to these claims.  Pl. Br.  Meanwhile, Defendant Altice argues that Plaintiff should arbitrate against Reyes most of the same claims that she must already arbitrate against Altice (Counts III, IV, VI, and VII).  Altice Br.

### A. Motion-for-Reconsideration Standard

"To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).  "A motion for reconsideration is properly granted where 'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that

6

might reasonably be expected to alter the conclusion reached by the court.'" *Schoolcraft v. City of New York*, 248 F. Supp. 3d 506, 508 (S.D.N.Y. 2017) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). This is a "strict" standard because a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation marks and citations omitted). Whether or not to grant a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

      **B.     Plaintiff's Motion for Reconsideration**

Plaintiff argues that new evidence shows that her claims continued to accrue after the EFAA's enactment on March 3, 2022, such that the EFAA bars enforcement of her arbitration agreement with Altice. Pl. Br. at 3. Plaintiff claims that "approximately once a month for over a year," she had received calls from blocked numbers in the early morning. *Id.* "In the event Plaintiff answered these calls, . . . no words were said." *Id.* at 3 n.3. Plaintiff states that "it is believed that Reyes was the source of these calls." *Id.* at 3. In September 2023, Plaintiff installed an application on her phone to reveal the identity of those persons calling from blocked numbers. *Id.* Early in the morning of September 23, 2023, Plaintiff received another blocked call. Plaintiff claims "the application . . . revealed the true identity of the caller as Reyes." *Id.*

Without addressing the merits of her argument, the aforementioned information fails to warrant reconsideration because it is not "new evidence." *Catskill*, 154 F. Supp. 2d at 701. "In order for evidence to be considered 'newly discovered' on a motion for reconsideration, it must be evidence that was truly newly discovered or could not have been found by due diligence."

7

*Brkic v. Dumbo Moving & Storage, Inc.*, No. 22-cv-07029 (CM), 2023 WL 1069889, at *3 (S.D.N.Y. Jan. 27, 2023) (further quotation marks and citation omitted). "Newly discovered evidence must not have been available prior to entry of the judgment leading to reconsideration." *Id.* (citation omitted). "Evidence of which a party was aware is by definition not 'newly discovered.'" *Id.* (citation omitted).

Plaintiff cited the calls from Reyes and Cruz from blocked and unknown numbers in her complaint, Compl. ¶ 60, and never argued in opposition to the motion to compel arbitration, let alone submitted evidence, that those calls continued after March 3, 2022, *see generally* Reyes. Opp. Indeed, in response to Altice's motion to compel arbitration on August 28, 2023, Plaintiff conceded that "her claims accrued prior to March 3, 2022." ECF No. 19 at 5. Even with respect to the purportedly new evidence that Plaintiff received a call on September 23, 2023 from which she allegedly discerned that Reyes was the caller (despite pleading this at Compl. ¶ 60), Plaintiff concedes that she "learned of the fact that Reyes was the source of the harassing phone calls . . . just prior [to] the Court's decision." Pl. Br. at 3. Therefore, Plaintiff was aware of this information on at least September 23, 2023, weeks before the Court's October 12, 2023 ruling. Because it "was in plaintiff['s] possession before judgment was rendered," the evidence "does not entitle plaintiff[] to relief." *Friedline v. N.Y.C. Dep't of Educ.*, No. 06-cv-01836 (JSR), 2009 WL 37828, at *4 (S.D.N.Y. Jan. 5, 2009); *see Kopperl v. Bain*, No. 09-cv-01754 (CSH), 2016 WL 310719, at *3 (D. Conn. Jan. 26, 2016) (noting that "the standard applied in motions for reconsideration is whether the evidence was discovered prior to the ruling, not the completion of briefing"). Insofar as Plaintiff urges the Court to "exercise its broad discretion" to consider evidence that is not new, the Court declines to do so. Pl. Reply at 2.

Nor has Plaintiff shown, in any case, that she exercised the requisite due diligence before the Court's ruling.  "[T]o the extent that a motion for reconsideration relies on new evidence, the movant must demonstrate that the newly discovered evidence could not have been discovered with reasonable diligence prior to the court's ruling." *Webb v. City of New York*, No. 08-cv-05145 (CBA), 2011 WL 5825690, at *1 (E.D.N.Y. Nov. 17, 2011) (quotation marks and citation omitted).  First, it is not even clear that evidence that Reyes called from blocked numbers was new evidence given that Plaintiff alleged as such in her Complaint.  Compl. ¶ 60.  Second, Plaintiff does not explain why she waited until September 2023 to download and use the application on her phone to "reveal the identity of calls from blocked numbers."  Pl. Br. at 3.  The Court will not consider such evidence "where Plaintiff has not even attempted to demonstrate that the new evidence could not have been discovered with reasonable diligence before the Court's ruling."  *R.B. ex rel. A.B. v. Dep't of Educ. of City of N.Y.*, No. 10-cv-06684 (RJS), 2012 WL 2588888, at *5 (S.D.N.Y. July 2, 2012).

For the foregoing reasons, Plaintiff's motion for reconsideration is denied.

C.  **Altice's Motion for Reconsideration**

Altice does not challenge the Court's order directing Plaintiff to arbitrate its claims against Altice; rather, it argues that the Court should also compel Plaintiff to arbitrate her claims under Counts III, IV, VI, and VII against Defendant Reyes because he is a third-party beneficiary to the Arbitration Agreement.[2]  Altice Br. at 1.  As Altice notes, it previously argued in its original motion to compel arbitration that Reyes and Cruz were third-party beneficiaries for

---

[2] Altice also moved to compel Plaintiff to arbitrate the same claims against Defendant Cruz, but withdrew its request after Defendant Cruz stated in a letter to the Court that "I do not wish to go to arbitration."  Altice Reply at 1 n.2 (quoting ECF No. 45).  Instead, Altice asks that Plaintiff's claims against Cruz under Counts III, IV, VI, and VII be stayed pending Plaintiff and Altice's arbitration of those claims.  *Id.*

9

whom the Arbitration Agreement could be enforced, an argument that the Court did not address. *See* Mot. at 5 n.2.  Having now considered the argument that it overlooked, the Court concludes that Plaintiff's claims under Counts III, IV, VI, and VII against Defendant Reyes are subject to arbitration.

Under New York law, an individual is a third-party beneficiary to a contract if the following is established: "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [her] benefit, and (3) that the benefit to it is sufficiently immediate . . . to indicate the assumption by the contracting parties of a duty to compensate [her] if the benefit is lost." *Gerszberg v. Li & Fung (Trading) Ltd.*, 215 F. Supp. 3d 282, 291 (S.D.N.Y. 2016) (quoting *Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104, 1110 (N.Y. 2011)).  "The touchstone of third-party beneficiary status is the intent of the parties to the agreement." *In re Generali COVID-19 Travel Ins. Litig.*, 577 F. Supp. 3d 284, 292 (S.D.N.Y. 2021); *see Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 124 (2d. Cir. 2005) (an individual is a third-party beneficiary to a contract where "the parties to the contract intended to confer a benefit on the third party").  "It is settled that an arbitration agreement may be enforced in favor of third-party beneficiaries." *Gerszberg*, 215 F. Supp. 3d at 288.

Reyes is a third-party beneficiary under the Arbitration Agreement.  The language of Altice and Plaintiff's agreement reveals the parties' plain intent to include Reyes within its scope.  The Agreement covers all of Plaintiff's "disputes, claims, complaints, or controversies" against "current and former officers, directors, employees, and/or agents" of Altice, including "tort claims, discrimination and/or harassment claims, [and] retaliation claims."  Arbitration Agreement at 1.  Reyes was an employee of Altice in September 2021, when all of Reyes's alleged unlawful conduct occurred.  *See* Compl. ¶¶ 32, 37-41, 43-49, 60.  Plaintiff does not

dispute Reyes's status as a third-party beneficiary. *See* Pl. Opp. Therefore, the Court grants Altice's motion for reconsideration and compels Plaintiff to arbitrate her claims under Counts III, IV, VI, and VII against Reyes as a third-party beneficiary to the Arbitration Agreement.

## III. Reyes's Motion to Compel Arbitration

Reyes moves to compel arbitration of all of Plaintiff's claims against him, including Count V asserting the unlawful disclosure of an intimate image under the NYC Administrative Code only against the individual defendants. Because the Court has already ordered, on reconsideration, that Plaintiff must arbitrate her claims against Reyes as to Counts III, IV, VI, and VII, it denies as moot Reyes's motion with respect to those claims. The only remaining issue is whether to compel arbitration of Plaintiff's claim under Count V against Reyes.

### A. Applicable Legal Standard

In considering a motion to compel arbitration under the Federal Arbitration Act (the "FAA"), courts apply a "standard similar to that applicable for a motion for summary judgment." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017) (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016)). Under this standard, "the Court must grant a motion to compel arbitration if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law." *Ryan v. JPMorgan Chase & Co.*, 924 F. Supp. 2d 559, 561-62 (S.D.N.Y. 2013). If the facts in the record are undisputed, and "require the matter of arbitrability to be decided against one side or the other as a matter of law," the Court "may rule on the basis of that legal issue and avoid the need for further court proceedings." *Meyer*, 868 F.3d at 74 (quotation marks omitted).

Under Section 2 of the FAA, a commercial "agreement . . . to submit to arbitration" is generally "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in

11

equity for the revocation of any contract." 9 U.S.C. § 2. "[B]y its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Daly v. Citigroup Inc.*, 939 F.3d 415, 421 (2d Cir. 2019) (second alteration in original) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

The EFAA amends the FAA as follows:

> Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, . . . no predispute arbitration agreement . . .shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or sexual harassment dispute.

9 U.S.C. § 402(a). The statutory note to the EFAA provides that "[t]his Act, and the amendments made by this Act, shall apply with respect to any dispute or claim that arises or accrues on or after the date of enactment of this Act." Pub. L. 117-90 § 3. This statutory note is "congressionally enacted text" and provides the legal evidence of the law. *Johnson v. Everyrealm, Inc.*, 657 F. Supp. 3d 535, 559 n.19 (S.D.N.Y. 2023). Thus, the EFAA "does not apply retroactively." *Delo v. Paul Taylor Dance Found., Inc.*, --- F. Supp. 3d. ----, 2023 WL 4883337, at *4 (S.D.N.Y. Aug. 1, 2023).

### B.    Analysis

Count V is subject to the Arbitration Agreement. Plaintiff does not dispute that a valid Arbitration Agreement exists between her and Altice which, by its terms, covers Count V. *See* Compl. ¶¶ 7-8; Reyes Mot. Opp. As discussed above, the Arbitration Agreement covers all claims against "current and former . . . employees" of Altice, "including but not limited to" claims "arising out of and/or directly or indirectly relating to the relationship between" Plaintiff and Altice. Arbitration Agreement at 1. Count V relates indirectly to that relationship. Plaintiff

12

alleges that, upon learning that Reyes had disseminated intimate images of her, she lodged an initial complaint to an Altice supervisor, then further complained to two other Altice supervisors and a human resources representative.  Compl. ¶¶ 51, 54, 56-58.  These actions confirm Plaintiff's own understanding that her allegations against Reyes were indirectly, if not directly, related to her relationship with Altice as its employee.

As to whether the EFAA forecloses arbitration of Count V against Reyes, the Court holds for the reasons stated in its prior Opinion that Plaintiff's "dispute" arose before the EFAA's enactment.  *See Castillo*, 2023 WL 6690674 at *3-5.  Plaintiff argues, as she did in her motion for reconsideration, that Reyes's "post-March 3, 2022 conduct" contributed to Plaintiff's hostile work environment, such that her claims continued to accrue after the EFAA's enactment.  Reyes Mot. Opp. at 4.

Count V, however, does not state a hostile-environment claim of sexual harassment to which Plaintiff's continuing-violations argument might apply.  *See* Compl. ¶¶ 112-118.  The alleged conduct underlying Plaintiff's claim in Count V (disclosure of an intimate image) all occurred in September 2021, well before the EFAA came into effect.  *See id.* ¶¶ 45-50, 114-115; Reyes Mot. Opp. at 4.  Even if Reyes had last called Plaintiff on September 23, 2023, that act is not "sufficiently related" to Plaintiff's claim in Count V that Reyes unlawfully disclosed an intimate image of her to Cruz two years prior.  *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 77 (2d Cir. 2010); *see Delo*, 2023 WL 4883337, at *9 (noting "the commonality of the environment in which the incidents took place," "the nature of the incidents," and "the temporary discontinuity between the incidents" as factors relevant to assessing whether individual incidents are part of the same hostile-environment claim (citation omitted)).  Therefore, because Castillo's dispute or claim as to Count V arose or accrued prior to the enactment of the EFAA on March 3,

2022, the EFAA does not render the Arbitration Agreement unenforceable.

## CONCLUSION

For the foregoing reasons, Cruz's motion to dismiss is GRANTED as to Count V and DENIED as to Counts III, IV, VI, and VII.  Plaintiff's motion for reconsideration is DENIED.  Altice's motion for reconsideration is GRANTED and Plaintiff is compelled to arbitrate Counts III, IV, VI, and VII against Reyes.  Reyes's motion to compel arbitration is GRANTED as to Count V and DENIED as moot as to Counts III, IV, VI, and VII.  The only claims not subject to arbitration are Counts III, IV, VI, and VII as to Defendant Cruz.

While the other parties arbitrate, litigation as to Counts III, IV, VI and VII shall be stayed as to Defendant Cruz.  The Court reaches this conclusion after considering "factors such as the desirability of avoiding piecemeal litigation and the degree to which the cases necessitate duplication of discovery or issue resolution."  *Katsoris v. WME IMG, LLC*, 237 F. Supp. 3d 92, 110 (S.D.N.Y. 2017) (citation omitted).  The Court also notes "significant factual overlap between the remaining claims and the arbitrated claims," making "[a] discretionary stay . . . particularly appropriate."  *Id.* at 110-11 (citation omitted).

Within three days of the conclusion of arbitration, the arbitrating parties shall file a joint status letter with the Court.  The initial pre-trial conference scheduled for December 20, 2023 is adjourned pending the outcome of the arbitration.  The Clerk of Court is respectfully directed to mail a copy of this Order to Defendant Cruz.

Dated: December 14, 2023
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge